Commonwealth *v.* Hornberger, Appellant.

Submitted April 20, 1970. Before BELL, C. J., JONES, COHEN, EAGEN, O'BRIEN, ROBERTS and POMEROY, JJ.

*Ralph W. D. Levan,* for appellant.

*Grant E. Wesner,* Assistant District Attorney, and *Robert L. Van Hoove,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. CHIEF JUSTICE BELL, October 9, 1970:

This is an appeal from the Judgment of Sentence of the Court of Oyer and Terminer of Berks County denying appellant's motion for a new trial.

On March 24, 1961, appellant, Charles Hornberger, was convicted by a jury of murder in the first degree

for the death of his wife, Arlene Hornberger, and was sentenced to life imprisonment. At the conclusion of the trial, appellant's appointed counsel moved for a new trial, alleging (1) that the verdict was contrary to the evidence, (2) that the verdict was contrary to the weight of the evidence, and (3) that the trial Judge erred in admitting into evidence a "confession" made by the defendant. These motions were denied on December 29, 1961. No appeal was taken at that time.

On April 15, 1966, appellant filed a petition under the Post Conviction Hearing Act, alleging the violation of numerous constitutional rights and the presence of numerous errors in the trial record. The Court, by an Order dated June 1, 1966, held that all matters raised in the petition except the voluntariness of the confession had been disposed of by the Court when it denied the post-trial motions. The Court ordered a hearing limited to the issue of the voluntariness of the confession. The hearing was held on June 29, 1966, at which time appellant was represented by the staff of the Public Defender of Berks County. After the hearing, the petition was dismissed. Hornberger then appealed to this Court.

In *Commonwealth v. Hornberger*, 430 Pa. 413, 243 A. 2d 341, this Court, in an unanimous Opinion by Justice O'BRIEN, affirmed the Order of the PCHA Judge.

On August 5, 1968, this appellant filed a second petition under the Post Conviction Hearing Act. In this petition, he reiterated the allegations made in his first petition, adding only the contention or claim that the evidence presented at his trial was insufficient to prove premeditation and malice beyond a reasonable doubt. A hearing on this petition was held on October 21, 1968, at which appellant was again represented by the Berks County Public Defender. At that hearing, the district attorney argued that the issues raised in the

petition had been finally litigated in the prior proceedings. He did agree that the issue of the sufficiency of the evidence to prove malice and premeditation was the only issue not specifically raised in the prior PCHA petition, but he contended that this question or issue had been resolved by the post-trial motions and that appellant had waived any right to again raise this issue.

The lower Court dismissed the PCHA petition on the ground that the issues presented therein had been finally litigated in the earlier proceedings. However, the Court stated that the appellant had never had the opportunity to appeal from the denial of his post-trial motions, and granted appellant leave to appeal to this Court from the judgment of sentence entered after the original denial of his motion for a new trial. Counsel then filed the present appeal.

As we have already rejected appellant's contention that his confession was involuntary, *Commonwealth v. Hornberger*, 430 Pa., supra, the sole issue remaining on this appeal is the sufficiency of the evidence to support the jury's verdict of guilty of murder in the first degree.

Before we review the evidence, we shall set forth the principles of law which govern our review of such an issue.

1. It is hornbook law that the test of the sufficiency of the evidence—irrespective of whether it is direct or circumstantial, or both—is whether, accepting as true all the evidence and all the reasonable inferences therefrom, upon which if believed the jury could properly have based its verdict, it is sufficient in law to prove beyond a reasonable doubt that the defendant is guilty of the crime or crimes of which he has been convicted. *Commonwealth v. Ewing*, 439 Pa. 88, 264 A. 2d 661; *Commonwealth v. Commander*, 436 Pa. 532,

260 A. 2d 773; *Commonwealth v. Frye,* 433 Pa. 473, 252
A. 2d 580.

2. It is well settled that a jury or a trial Court can
believe all or a part of or none of a defendant's state-
ments, confessions or testimony, or the testimony of
any witness. *Commonwealth v. Ewing,* 439 Pa., supra;
*Commonwealth v. Winebrenner,* 439 Pa. 73, 265 A. 2d
108; *Commonwealth v. Kirkland,* 413 Pa. 48, 195 A. 2d
338.

3. Legal malice exists not only where there is a
particular ill will, but also whenever there is a wicked-
ness of disposition, hardness of heart, wanton con-
duct, cruelty, recklessness of consequences and a mind
regardless of social duty. It may be found from the
attending circumstances, and, like the specific intent
to kill, may be inferred from the intentional use, with-
out legal excuse or justification, of a deadly weapon on
a vital part of another human being. *Commonwealth
v. Winebrenner,* 439 Pa., supra; *Commonwealth v. Com-
mander,* 436 Pa., supra; *Commonwealth v. Ewing,* 439
Pa., supra.

4. While murder consists of a killing with legal
malice, the essential difference in a nonfelony murder-
killing between murder in the first degree and murder
in the second degree is that murder in the first degree
requires a specific intent to take the life of another
human being. *Commonwealth v. Ewing,* 439 Pa., su-
pra; *Commonwealth v. Commander,* 436 Pa., supra;
*Commonwealth v. Finnie,* 415 Pa. 166, 202 A. 2d 85.

5. The specific intent to kill, which is necessary to
constitute, in a nonfelony murder, murder in the first
degree, may be found from a defendant's words or con-
duct or from the attendant circumstances, together with
all reasonable inferences therefrom, and may be in-
ferred from the intentional use of a deadly weapon on
a vital part of the body of another human being. The

use of a gun on a vital part of the deceased's body raises the inference that the defendant shot with the specific intent to kill the deceased, and it is sufficient to sustain a finding of murder in the first degree. When evidence is introduced to overcome or rebut this inference the question of defendant's intention becomes one for the triers of fact. The triers of fact may, however, consider the inference along with all other credible evidence presented on the issue of intent. *Commonwealth v. Ewing*, 439 Pa., supra; *Commonwealth v. Commander*, 436 Pa., supra; *Commonwealth v. Tyrrell*, 405 Pa. 210, 174 A. 2d 852.

With these principles in mind we shall review the evidence.

The Commonwealth's case in chief rested principally upon three evidentiary sources: the testimony of Dr. Cook, the pathologist who performed the autopsy, the eyewitness testimony of Donna Jean, appellant's stepdaughter, and the statement given by the defendant which this Court, in *Commonwealth v. Hornberger*, 430 Pa., supra, held was properly admitted.

Appellant's stepdaughter, then nine years of age, was examined by the Court before she began to testify. She demonstrated that she understood the meaning of the oath she took, and her testimony, unshaken after thorough cross-examination, was certainly worthy of the jury's belief.

According to Donna Jean's testimony, appellant returned to the apartment where he resided with his wife and children at approximately 10:30 P.M. on the evening of October 6, 1960. The door to the apartment had been barricaded by appellant's wife, who had pushed a refrigerator in front of it. The appellant pushed aside the refrigerator and entered the apartment.

A violent argument soon broke out between appellant and his wife. Loud words were spoken, and ap-

pellant began to strike and otherwise physically abuse his wife. Donna Jean testified that at one point her mother was lying on the kitchen floor with her step-father sitting on top of her and hitting her. After this, Mrs. Hornberger broke away from her husband. The appellant then left the kitchen part of the apart-ment where he and his wife had been fighting and went into the living room where he took a loaded rifle from the closet. He then returned to the kitchen and point-ed the gun at Mrs. Hornberger. She grabbed the gun-barrel and attempted to point it up in the air. Appel-lant then stepped back, grabbed the rifle away from his wife's desperate grasp, and pulled the trigger and fired the shot that killed his wife.

Appellant's statement lends support to this version of the killing. In his statement, he claimed that his wife attacked him and that he only went to get the gun in self-defense. He further claimed that the gun was fired only when his wife grabbed the barrel of the gun with both hands and pulled it towards her. In his statement, he admitted going to the living room, getting the gun, and holding the loaded gun pointed at his wife with his finger on the trigger. The jury ob-viously chose to disregard most of his version of how the killing occurred.

Moreover, the testimony of Dr. Cook, the patholo-gist who performed the autopsy on the body of the de-ceased, cast considerable doubt on appellant's version of the shooting. The doctor testified in considerable detail about the course the fatal bullet took through the victim's body. He concluded from his examination of powder burns on the body, and from the position of the entrance and exit holes, that the bullet had passed through the flesh of the victim's left arm and had then entered her left side, passing completely through her heart, the right and left lungs and the liver, and exit-

ing on her right side. It was his conclusion that when the shot was fired, the victim's left arm had been lying against her body with the forearm resting across her lower abdomen. This is clearly inconsistent with appellant's theory that she was holding the gunbarrel with both hands at the time the fatal shot was fired.

Considering the evidence in the light most favorable to the Commonwealth, there was ample evidence to support the verdict of guilty of murder in the first degree.

Judgment of sentence affirmed.