## Commonwealth *v.* Smith, Appellant.

Argued December 8, 1970. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and CERCONE, JJ.

*Andrew G. Gay,* for appellant.

*Taras M. Wochok,* Assistant District Attorney, with him *Milton M. Stein,* Assistant District Attorney, *James D. Crawford,* Deputy District Attorney, *Richard A. Sprague,* First Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

OPINION PER CURIAM, March 23, 1971:
Judgments of sentence affirmed.

————

CONCURRING AND DISSENTING OPINION BY HOFFMAN, J.:

Appellant was charged with possession and sale of narcotic drugs on Bills 767, 769, and 770 and with conspiracy on Bill 768 of January Sessions, 1961. He was tried before a judge and jury, found guilty on all bills, and sentenced to a concurrent term of two to ten years on each bill. After a hearing on a post-conviction petition, appellant was granted leave to file motions for a new trial and in arrest of judgment nunc pro tunc. These motions were denied, and this appeal followed.

In 1960 an undercover police agent entered a bar and was introduced to appellant. After a conversation concerning narcotics, the agent handed appellant five dollars and received a brown bag in return. Thinking that appellant was not working alone, the agent handed him another five dollars and appellant gave him a sec-

ond brown bag which he had obtained from the bartender. The agent then gave the two bags to another policeman outside and they were given separate identifying marks. A few minutes later the agent returned to the bar and handed appellant another five dollars. Appellant directed him to another man who handed him a third brown bag.

The police officer who had received all of the identified brown bags from the undercover agent testified that he turned the bags over to the police chemist. In return the officer received a numbered receipt. At trial only a single chemist's analysis indicating the package contained heroin was read into the record. The receipt number of this analysis coincided with an analysis number appearing under the heading "Witnesses" on indictment No. 770. Subsequently, appellant was convicted and sentenced on three separate counts of possession and sale of narcotic drugs.

The test regarding the sufficiency of evidence required to sustain a conviction is whether, accepting as true all evidence and all reasonable inferences therefrom, upon which, if believed, a jury could properly have based its verdict, it is sufficient in law to prove beyond a reasonable doubt that the defendant is guilty of the crime charged. *Commonwealth v. Hornberger,* 441 Pa. 57, 270 A. 2d 195 (1970). "[A] conviction may be sustained by circumstantial evidence when the evidence is such as reasonably and naturally justifies an inference of guilt. The evidence, however, must be of such volume and quality as to overcome the presumption of innocence and to satisfy a jury of the accused's guilt beyond a reasonable doubt. . . . [The jury] may not allow surmise or conjecture to serve as the basis for its decision." *Commonwealth v. Zimmerman,* 214 Pa. Superior Ct. 61, 67, 251 A. 2d 819, 821-22 (1969).

The court below justified the conviction on three separate charges by reasoning that "[s]ince the three packets were purchased at the same place within a single hour, it is a reasonable inference that they came from the same original lot, and further, that the analysis was equally applicable to any of the three packets." However, I believe that the basic presumption behind this reasoning is incorrect. The packages were in fact obtained from three separate sources: appellant, the bartender, and another person. In the circumstances of this case I do not believe that it is a "reasonable inference" that the packages all came from the same original lot of heroin, nor that the analysis was applicable to all the packages. Since the bags were all separately identified, it would have been a simple matter for the Commonwealth to prove the chemical analysis of each of the three bags. The Commonwealth did not do this, and thus proved beyond a reasonable doubt only that appellant sold one bag of heroin.

Accordingly, I would reverse the court below as to indictment numbers 767 and 769, and vacate the judgment of sentence. I would affirm the convictions on indictment numbers 768 and 770.

SPAULDING, J., joins in this dissenting opinion.