Commonwealth *v.* Mosley, Appellant.

Argued March 17, 1971. Before BELL, C. J., EAGEN, O'BRIEN, POMEROY and BARBIERI, JJ.

*Gerald E. Ruth,* Public Defender, for appellant.

*J. Patrick Clark,* First Assistant District Attorney, with him *Harold N. Fitzkee, Jr.,* District Attorney, for Commonwealth, appellee.

OPINION BY CHIEF JUSTICE BELL, July 15, 1971:

On April 10, 1970, appellant entered a plea of guilty to murder generally. On June 29, 1970, a hearing was held before one Judge to determine the degree of guilt. The Judge found the appellant guilty of murder in the first degree. On July 13, 1970, appellant, before sentence, requested permission to withdraw his guilty plea, and the next day filed motions for a new trial and in arrest of judgment. A hearing before the Court en banc was held on November 9, 1970, and that Court denied appellant's petition to withdraw his guilty plea and also denied his motions for a new trial and in arrest of judgment. On November 30, 1970, appellant was sentenced to life imprisonment and thereafter took this appeal. At all these proceedings, defendant was represented by counsel.

Appellant alleges four errors. Appellant first contends that under Rule 1115(b) of the Pennsylvania Rules of Criminal Procedure, the trial Judge had a duty to secure two other Judges to sit with him to hear the evidence and determine the degree of guilt. We disagree. The pertinent part of Rule 1115(b) reads as follows: "(b) If, after the presentation of the Commonwealth's evidence, the judge is of the opinion that the case may constitute murder in the first degree, *he*

*may secure** the assignment of two other judges of like jurisdiction and power to sit with him to hear the evidence and decide all issues of law and fact." The express language of this rule makes it crystal clear that the trial Judge can, *at his discretion,* impanel two other Judges to sit with him and decide all issues, including the degree of guilt and sentence. There is nothing in the wording of the rule which mandatorily requires a three-Judge panel. As this Court recently stated in *Commonwealth ex rel. Duncan v. Rundle,* 424 Pa. 385, 227 A. 2d 659 (pages 388-389) : "Appellant's next contention, viz., that his conviction of murder in the first degree is invalid because the determination as to the degree of guilt was made by one Judge rather than by a three-Judge Court, is likewise devoid of merit. There is no Constitutional or statutory or decisional requirement of a three-Judge Court in such circumstances, although a local rule of Court requires a three-Judge Court in Philadelphia. Commonwealth v. Cater, 402 Pa. 48, 166 A. 2d 44, cert. denied, 366 U.S. 914.

"In Commonwealth v. Cater, the Court said (page 53) : 'In the absence of such a rule, a single judge can receive a plea of guilty of murder, fix the degree and impose sentence: Commonwealth v. Shawell, 325 Pa. 497, 191 A. 17; Commonwealth v. Garramone, 307 Pa. 507, 161 A. 733. The requirement for a three-judge court is imposed by a local rule of court in Philadelphia County; there is no *constitutional*** requirement of a three-judge court in such circumstances.' Accord: Commonwealth ex rel. Rook v. Myers, 402 Pa. 202, 167 A. 2d 274 (Per Curiam) ; Commonwealth ex rel. Pickwell v. Burke, 372 Pa. 450, 93 A. 2d 482 (Per Curiam), cert. denied, 345 U.S. 958; Commonwealth v. Shawell, 325 Pa. 497, 191 Atl. 17; Commonwealth v. Garramone, 307 Pa. 507, 161 Atl. 733."

---

\* Italics throughout, ours, unless otherwise noted.
\*\* Italics in *Commonwealth v. Cater* Opinion.

Although all the foregoing cases were decided prior to the effective date of Rule 1115, on August 1, 1968, the rule does not change the principles or the law set forth in the aforesaid cases.

Appellant's second contention is that the first degree murder verdict was against the weight of the evidence and contrary to law.

As the Court said in *Commonwealth v. Ewing*, 439 Pa. 88, 264 A. 2d 661 (page 91) : " 'However, under the decisions of this Court, a plea of guilty to an indictment for murder constitutes or amounts to an admission of the crime of murder in at least the second degree, and therefore the burden is upon the Commonwealth, if it believes the crime amounted to murder in the first degree, to produce testimony legally sufficient to raise the crime to first degree. Commonwealth v. Kurus, 371 Pa. 633, 637, 92 A. 2d 196; Commonwealth v. Samuel Jones, 355 Pa. 522, 525, 50 A. 2d 317.' " Accord: *Commonwealth ex rel. Kerekes v. Maroney*, 423 Pa. 337, 223 A. 2d 699; *Commonwealth v. Ahearn*, 421 Pa. 311, 218 A. 2d 561; *Commonwealth v. Tyrrell*, 405 Pa. 210, 174 A. 2d 852. The evidence offered by the Commonwealth at the degree-of-guilt hearing established that appellant was living with the deceased victim, Ruth Drayden. Earlier in the day of the killing, appellant and Ruth went shopping, had a couple of drinks and returned home. At home, appellant watched television and drank vodka and orange juice with Ruth and her son Cyrus. A dispute arose between Ruth and the appellant over a pack of cigarettes and Ruth slapped the appellant. Appellant thereupon said that he was going to kill her, and he left the room. Appellant returned approximately two minutes later, took a pistol from his pocket, and fired two shots at Ruth, one of which struck her in the abdomen. When Cyrus tried to intercede, the appellant shot him. Ruth died as the result of a gunshot wound of the abdomen.

There is not the slightest merit in appellant's contention that this evidence is insufficient to raise the crime to first degree murder. Murder is the unlawful killing of another human being with malice aforethought. *Commonwealth v. Hornberger*, 441 Pa. 57, 270 A. 2d 195; *Commonwealth v. Ingram*, 440 Pa. 239, 270 A. 2d 190; *Commonwealth v. Commander*, 436 Pa. 532, 260 A. 2d 773; *Commonwealth v. Finnie*, 415 Pa. 166, 170, 202 A. 2d 85; *Commonwealth v. Gooslin*, 410 Pa. 285, 189 A. 2d 157.

In *Commonwealth v. Hornberger*, 441 Pa., supra, this Court said (pages 61-62) : "While murder consists of a killing with legal malice, the essential difference in a nonfelony murder-killing between murder in the first degree and murder in the second degree is that murder in the first degree requires a specific intent to take the life of another human being. Commonwealth v. Ewing, 439 Pa., supra; Commonwealth v. Commander, 436 Pa., supra; Commonwealth v. Finnie, 415 Pa. 166, 202 A. 2d 85.

". . . The specific intent to kill, which is necessary to constitute, in a nonfelony murder, murder in the first degree, may be found from a defendant's words or conduct or from the attendant circumstances, together with all reasonable inferences therefrom, and may be inferred from the intentional use of a deadly weapon on a vital part of the body of another human being. The use of a gun on a vital part of the deceased's body raises the inference that the defendant shot with the specific intent to kill the deceased, and it is sufficient to sustain a finding of murder in the first degree. . . . The triers of fact may, however, consider the inference along with all other credible evidence presented on the issue of intent. Commonwealth v. Ewing, 439 Pa., supra; Commonwealth v. Commander, 436 Pa., supra; Commonwealth v. Tyrrell, 405 Pa. 210, 174 A. 2d 852."

The evidence offered by the Commonwealth was sufficient to prove appellant's use of a deadly weapon

upon a vital part of Ruth's body and raise the inference that the shooting was done with a specific intent to kill. The trial Judge was free to accept or reject this inference, together with all other credible evidence.

Appellant contends that he offered sufficient evidence of intoxication to preclude a first degree murder verdict. Appellant is correct in his contention that intoxication can reduce a killing from first degree murder to second degree murder when the intoxication is so great as to render the accused incapable of forming a willful, deliberate and premeditated design to kill. *Commonwealth v. Walters*, 431 Pa. 74, 244 A. 2d 757; *Commonwealth v. Ingram*, 440 Pa., supra; *Commonwealth v. Brabham*, 433 Pa. 491, 252 A. 2d 378; *Commonwealth v. Reid*, 432 Pa. 319, 247 A. 2d 783; *Commonwealth v. Simmons*, 361 Pa. 391, 65 A. 2d 353.

As this Court said in *Commonwealth v. Walters*, 431 Pa., supra (page 83): "The law is quite clear that intoxication can lower the degree of guilt, but it remains *murder*.* 'Intoxication sufficient to deprive the mind of power to form a design with deliberation and premeditation, and to properly judge the legitimate [i.e., natural] consequences of an act, will reduce a killing from murder in the first degree to murder in the second degree.' "

The record indicates that appellant had about three drinks while shopping and that two-thirds of a bottle of vodka was consumed in the apartment by the appellant and the deceased and her son Cyrus. We believe that the evidence failed to establish that the appellant was intoxicated to such a degree that he was precluded from forming a willful, deliberate and premeditated design to kill.**

---

* Italics in *Commonwealth v. Walters* Opinion.

** It is interesting to note that the testimony of the appellant indicates that his ability to recall the details of the shooting was not impaired.

Appellant's final contention is that he should be allowed to withdraw his guilty plea because the guilty plea was induced by a representation *on the part of the Judge* that his degree-of-guilt hearing would be held before and determined by a three-Judge panel. After a careful study of the record, we cannot agree. In appellant's brief, it is contended that at the appearance before the Judge on April 10, 1970, the Judge represented that the degree-of-guilt hearing would be before a three-Judge panel. This is an unfair and improper statement by counsel. A *review of the record* discloses that the reference made to a three-Judge panel was made by appellant's counsel, Gerald Ruth, and not by the Judge, as alleged in the appellant's brief:

BY MR. RUTH: "Q. And that at some later date there will be a hearing before all three Judges of this County to determine whether or not this would be murder in the first degree or second degree?

MOSLEY: "A. Right." The only reference to the degree-of-guilt hearing *made by the Judge* (on April 10, 1970) is as follows:

BY THE COURT: "I don't see how we can possibly have it before the May criminal court.

MR. RUTH: "I didn't mean to imply it had to necessarily be set today, Your Honor. I just . . .

BY THE COURT: "Is there any preference on the part of the defendant or counsel whether the testimony be heard by the full Court or by a single Judge?

MR. RUTH: "I would rather have the opportunity to discuss it. I did represent to the defendant, Your Honor, that it would *probably* be heard by all three Judges." (Emphasis added.)

Appellant also contends that the promise of a three-Judge panel was reiterated by the Judge at the hearing on July 13, 1970. Our review of the record establishes that the reference to a three-Judge panel was again

made by appellant's counsel, Gerald Ruth, and not by the trial Judge:

By Mr. Ruth: "Q. And is it correct that I indicated to you that it was *my opinion* at that time you *might* be tried by three Judges? (Emphasis added.)

Mosley: "A. That's true, too.

Mr. Ruth: "Q. At the time your trial was held I did inform you that *you would be tried by one Judge* and that the one Judge could, depending on the severity of the facts and, if he decided it would possibly constitute first degree murder, he *could call* in other Judges to sit with him. Is it correct I advised you of such?

Mosley: "A. True." (Emphasis added.)

Furthermore, at the degree-of-guilt hearing, after the Commonwealth had presented all its evidence, and before the defense had presented its evidence, Attorney Ruth asked the trial Judge: "Defense counsel would request of the court whether the court has at this point or at this juncture in accordance with Rule 1105 of the Criminal Procedure been able to come to some decision whether there is a possibility that first degree murder charges might be involved. Basically, the reason defense requests this is because, if this were true and the court *would consider the discretion of calling in additional Judges,* the defense may choose to refrain at this point to put the defendant on the stand until the other Judges would be available for a hearing." The trial Judge responded: "Well, certainly on the testimony that's been submitted we can't rule out a finding of murder in the first degree. As far as calling in other Judges to hear the testimony, I don't feel any compelling necessity to do that." At this time, Gerald Ruth did not allege or even mention that the Judge had promised that three Judges would sit if defendant pleaded guilty.

It is clear that the references to a three-Judge panel were made by defendant's attorney Ruth, and no promise of a three-Judge panel was ever made by the trial Judge. It is also clear that the lower Court did not abuse its discretion or commit any error in refusing to allow the appellant to withdraw his guilty plea. In *Commonwealth v. Culbreath*, 439 Pa. 21, 264 A. 2d 643, the Court pertinently said (page 28): "The grant or refusal of an application for leave to withdraw a plea of guilty is a matter of judicial discretion and it will not be reversed in the absence of a clear abuse of discretion or an error of law which controlled the lower Court's decision. Commonwealth v. Scoleri, 415 Pa. 218, 202 A. 2d 521; Commonwealth v. Kirkland, 413 Pa., supra, at page 54 (and eight cases cited therein)."

We have carefully considered all of appellant's contentions and find no merit in any of them.

Judgment of sentence affirmed.

Mr. Justice JONES and Mr. Justice ROBERTS took no part in the consideration or decision of this case.