## Commonwealth v. Hannan

*Michael Fisher*, Assistant District Attorney, for Commonwealth.

*Richard C. Schomaker*, for defendant.

ZIEGLER, J., August 15, 1974.—

## I. HISTORY OF CASE

Defendant, Harold L. Hannan, Jr., was indicted for alleged violation of sections 3502 (burglary), 3903 (theft) and 3925 (theft by receiving stolen goods) of the Crimes Code.[1] After a nonjury trial, defendant was adjudged guilty on all counts. Motions for new trial and judgment were filed contending the verdict was against the weight of the evidence. A review of conflicting evidence indicates the verdict is supported by the credible evidence and, therefore, defendant's motions must be denied.

## II. STATEMENT OF FACTS

The indictment of defendant arises as the result of a burglary which occurred at approximately 12 p.m., on July 16, 1973, at the residence of Robert Smith located at 463 Inwood Road, McCandless Township, Allegheny County, Pa. The sole incriminating witness against defendant was a co-conspirator, Raymond P. McKelvy. He testified that he resided in a home which abutted the Smith property. He was aware the Smith family was vacationing and the house was vacant.

McKelvy stated he discussed the burglary with Hannan prior to July 16, 1973. On the day of the crime, he telephoned defendant and arranged a meeting within walking distance of the Smith home. McKelvy met defendant and another individual who was referred to as "Skip." Skip was operating an automobile and drove McKelvy and defendant around the area and finally deposited him at his home. From this vantage point, he observed the driver stop the car at a

---

[1] Act of December 6, 1972, P. L. 1068 (No. 334) secs. 3502, 3903 and 3925, 18 Pa. S. §§3502, 3903 and 3925, effective June 6, 1973.

point near the Smith property. Defendant exited the vehicle and entered the Smith home through the garage. After a short period of time, defendant exited the Smith property carrying a sack. He walked to the car and sat in the front seat. McKelvy left his home and entered the car. After driving around the neighborhood, "Skip" parked the car in the driveway leading to the Smith home.

Defendant departed and went to the front door of the house. He returned with a large box and a fur coat. McKelvy observed coins and credit cards in the bag in the car. The box which defendant removed on the second entry contained silverware. The trio departed and defendant gave a credit card, which bore the name of Robert Smith, to McKelvy. He proceeded to Sears, Roebuck and Company and employed the card to purchase merchandise. A few days later, he observed the remaining stolen property at defendant's apartment. In addition, some of the stolen items were given to the mother of Hannan.

Defendant testified on his own behalf and denied involvement in the burglary. He stated he met McKelvy for the first time on July 15, 1973, at a club at which McKelvy worked. At no time, did he discuss a burglary in McCandless Township. The first time he saw McKelvy on the day of the crime was at midnight, at which time McKelvy came to his apartment. McKelvy was carrying a fur coat and some coins which he claimed to have purchased.

Defendant also presented alibi witnesses in an attempt to account for his whereabouts during the morning and afternoon hours of July 16. His parents, sister, housekeeper and female friend testified, in essence, that defendant was not at the scene of the crime.

The trial judge believed the evidence adduced by the

Commonwealth and found defendant guilty as charged. Defendant contends: (1) There is insufficient evidence upon which to base the conviction, and (2) the trial court erred in failing to admit as evidence the results of a polygraph examination voluntarily taken by defendant.

## III. STATEMENT OF LAW

### A. *Sufficiency of Evidence*

Defendant contends that, because of alleged inconsistencies in the testimony of Raymond P. McKelvy, the Commonwealth has failed to establish guilt beyond a reasonable doubt. However, we must reject this argument for, when the testimony is read in the light most favorable to the Commonwealth, it reveals the participation of defendant in the burglary of the Smith residence.

It is a well-settled principle of law that the trier of fact can believe all, part or none of the testimony presented by any witness: Commonwealth v. Kirkland, 413 Pa. 48, 195 A. 2d 338 (1963); Commonwealth v. Marlin, 452 Pa. 380, 305 A. 2d 14 (1973). In Commonwealth v. Hornberger, 441 Pa. 57, 270 A. 2d 195 (1970), former Chief Justice Bell stated:

"It is well settled that a jury or a trial court can believe all or a part of a defendant's statements, confessions or testimony, or the testimony of any witness": 441 Pa. 57 at 61, 270 A. 2d 195 at 197.

The trial judge was required to carefully scrutinize and accept the testimony of McKelvy with caution: Commonwealth v. Sisak, 436 Pa. 262, 259 A. 2d 428 (1969). As a co-conspirator and defendant, McKelvy maintained an interest in the outcome of the case. However, the detail, clarity and forthrightness of his

testimony convinces the court the evidence was credible and worthy of belief. The facts surrounding the burglary were provided with minute detail. Although defendant was represented by an experienced and able counsel, McKelvy remained unshaken by vigorous cross-examination. In short, McKelvy's version, standing alone, was sufficient to establish defendant's guilt beyond a reasonable doubt. Commonwealth v. Bubna, 357 Pa. 51, 67, 53 A. 2d 104, 112 (1947); Commonwealth v. Elliott, 292 Pa. 16, 140 Atl. 537 (1928); Commonwealth v. McDaniel, 227 Pa. Superior Ct. 236.

### B. *Admissibility of Polygraph Results*

Defendant's final contention concerns the admissibility of the results of a polygraph examination. Defendant voluntarily subjected himself to a polygraph examiner which he selected. He urges the court to consider the results of the test in determining his guilt or credibility.

The appellate courts in Pennsylvania have repeatedly held that the results of a polygraph examination are not admissible evidence for any purpose: Commonwealth v. Saunders, 386 Pa. 149, 125 A. 2d 442 (1956); Commonwealth v. McKinley, 181 Pa. Superior Ct. 610, 123 A. 2d 735 (1956); Commonwealth ex rel. Riccio v. Dilworth, 179 Pa. Superior Ct. 64, 115 A. 2d 865 (1955). Moreover, any expression of willingness or refusal to take such a test is inadmissible due to the unfair inference which may be drawn: Commonwealth v. Saunders, supra; Commonwealth v. McKinley, supra.

From a personal point of view, this member of the court advocates the admission of the results of a polygraph examination at trial. It appears logical that such tests are another factor which the trier of fact may

consider in arriving at a just resolution of disputed facts. A test, in a controlled nonpartisan setting, may be competent evidence. The factfinder can, thereafter, evaluate the weight to be accorded this type of evidence. However, until the Supreme Court of Pennsylvania reverses a long line of contrary decisions, this court is obligated to apply precedent.

For the foregoing reasons, the motion of defendant for new trial and judgment must be denied. An appropriate order will be entered consistent with this opinion.

## ORDER OF COURT

And now, to wit, August 15, 1974, after oral argument and a review of the brief of defendant, it is hereby ordered and decreed that the motions for new trial and arrest of judgment filed by defendant are denied.