350 A.2d 842
**COMMONWEALTH of Pennsylvania**
v.
**Theron KITTRELES, Appellant.**

Supreme Court of Pennsylvania.

Argued June 27, 1975.

Decided Jan. 29, 1976.

432

Robert M. Rosenblum, Goldstein & Rosenblum, Philadelphia, for appellant.

F. Emmett Fitzpatrick, Dist. Atty., Steven H. Goldblatt, Asst. Dist. Atty., Chief, Appeals Div., Maxine Stotland, Asst. Dist. Atty., Philadelphia, for appellee.

Before JONES, C. J., and EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

## OPINION OF THE COURT

O'BRIEN, Justice.

Appellant, Theron Kittreles, entered a plea of guilty to a general charge of murder. On September 18, 1964, a degree-of-guilt hearing was held and appellant was sentenced to life imprisonment, after an adjudication of murder in the first degree. In 1968, appellant filed a Post Conviction Hearing Act petition in which he sought to withdraw his guilty plea. After a hearing, the motion was denied and appellant was permitted to file post-trial motions *nunc pro tunc*, which were denied. This appeal followed.

The sole issue raised in this appeal is whether appellant should be allowed to withdraw his guilty plea, based on his contention that the plea was motivated by an allegedly constitutionally infirm confession. Since appellant seeks to withdraw his guilty plea based on an allegedly constitutionally infirm confession, he must meet the tests as stated in *Commonwealth v. Marsh*, 440 Pa. 590, 271 A.2d 481 (1970), wherein we held that an appellant must establish (1) an involuntary pretrial confession, (2) that the guilty plea was primarily motivated by such evidence, and (3) the defendant was incompetently advised by counsel to plead, in the circumstances, rather than stand trial.

In the instant case, we are of the opinion that appellant failed to meet the three-prong test of *Marsh*.

Appellant's counsel, testifying at appellant's PCHA hearing in 1968, stated that the decision that appellant plead guilty was based on the fact that aside from appellant's confession, there was enough admissible evidence to convict appellant of first-degree murder and, therefore, appellant pled guilty in order to avoid the death penalty. Appellant's counsel testified that after he reviewed the police summary of the evidence indicating that appellant was arrested fleeing from the scene of the homicide, that the murder weapon, a knife bearing appellant's fingerprints, was recovered, and the fact that the decedent was stabbed in the heart, permits an inference of a specific intent to kill. The court below concluded that appellant's decision to plead guilty was not primarily motivated by the allegedly illegal confession, but rather was an attempt to avoid the death penalty, a reason that would not allow its withdrawal. See *Commonwealth v. Henderson*, 441 Pa. 255, 272 A.2d 182 (1971). This conclusion is borne out by the record. Moreover, appellant's contention that his counsel's advice to plead guilty was incompetent because the evidence, aside from the confession, would not support a verdict of first degree murder is not acceptable. The fact that the Commonwealth's evidence could prove that appellant had inflicted a knife wound to the decedent's heart would alone support a first-degree murder charge. In many decisions of this court we have stated that the use of a deadly weapon upon a vital part of the body is sufficient to support an inference of specific intent to kill. See *Commonwealth v. Petrakovich*, 459 Pa. 511, 329 A.2d 844 (1974), *Commonwealth v. Mosley*, 444 Pa. 134, 279 A.2d 174 (1971).

Order affirmed.

EAGEN, J., concurs in the result.

MANDERINO, J., files a dissenting opinion in which ROBERTS, J., joins.

MANDERINO, Justice (dissenting).

I dissent. The majority ignores both the common law and the statutory law of Pennsylvania. *See Commonwealth v. Thomas,* 465 Pa. 442, 350 A.2d 847 (1976) (Manderino dissenting joined by Roberts, J.) ; *Commonwealth v. O'Searo,* 466 Pa. ——, 352 A.2d 30 (1976) (Manderino dissenting joined by Roberts, J.).

The majority holds that evidence of the use of a deadly weapon on a vital part of the body is sufficient to support an inference of the intent to kill—so far so good. This first inference is reasonable and was accepted at common law. The majority then proceeds, however, without explanation and without any basis in the history of the law of murder in Pennsylvania or elsewhere, to hold that from the first inference—that one had the intent to kill—a second inference is permissible—that the defendant's act was willful, deliberate, and premeditated. In effect, the majority says that proof of the use of a deadly weapon upon a vital part of the body allows an inferential leap to the conclusion that the defendant had a specific intent to kill, and that conclusion warrants a second inferential leap to the conclusion that the killing was willful, deliberate, and premeditated. That is not, and has not been a proper analysis of the law of murder in this or any other jurisdiction.

One who possesses the intent to kill may or may not have formed that intent to kill in a willful, deliberate, and premeditated murder. If the intent to kill was willful, deliberate, and premeditated, the killing is murder in the first degree. If, however, the defendant's intent to kill was not formulated in a willful, deliberate, and premeditated manner, the killing is not murder in the first degree, but murder in the second degree. This has always been the law.

The distinction is vital and is the law in all American jurisdictions which recognize degrees of murder.

"To be guilty of [murder in the first degree] the defendant must not only intend to kill but in addition he must premeditate the killing and deliberate about it.

. . . . . . . .

[A defendant] can generally be held guilty of *second degree murder* . . . on the theory that, though he could not premeditate and deliberate, he could and did at least have *an intent to kill* (as shown, in most cases, by his intentional use of a deadly weapon upon the victim).

. . . . . . . .

Although the law may recognize a presumption, from the fact that the defendant killed with a deadly weapon, that the crime which he commits is murder, *there is no presumption that the murder is first degree murder*; for the higher degree there must be some affirmative evidence to support a finding that the defendant in fact did premeditate and deliberate." (Emphasis added.)

LaFave & Scott, *Criminal Law*, pp. 563–564 (1972).

I have found no authority in Pennsylvania or elsewhere, treatise, hornbook, encyclopedia, or law review article disagreeing with the above statement of the law.

In every one of the cases cited by the majority, there was evidence *in addition* to the use of a weapon on a vital part of the body from which the factfinder could reasonably determine that the defendant not only intended to kill, but had time for willful, deliberate, and premeditated reflection—even though for a short period. Those cases were properly decided. As explained by LaFave and Scott:

"On the basis of events before and at the time of the killing, the trier of fact will sometimes be entitled to infer that the defendant actually premeditated and deliberated his intentional killing. Three categories of evidence are important for this purpose: (1) facts

about how and what the defendant did prior to the actual killing which show he was engaged in activity directed toward the killing, that is, *planning activity*; (2) facts about the defendant's prior relationship and conduct with the victim from which *motive* may be inferred; and (3) facts about the *nature of the killing* from which it may be inferred that the manner of killing was so particular and exacting that the defendant must have intentionally killed according to a preconceived design." (Footnote omitted; emphasis in original.)

*Id.* at 564.

I admit that certain statements in some prior Pennsylvania cases seem to indicate that a killing accompanied by an intent to kill equals murder in the first degree. There is no basis for such statements in the law of murder, and such language should be explicitly repudiated.

In Pennsylvania, murder in the first degree is a statutory offense. The first part of the statute in effect at the time of the killing for which appellant here was convicted, states that murder in the first degree shall include

"[a]ll murder which shall be perpetrated by means of poison, or lying in wait, *or by any other kind of wilful, deliberate and premeditated killing . . . .*" (Emphasis added.)

Act of June 24, 1939, P.L. 872, § 701; 1959 Dec. 1, P. L. 1621, § 1 (18 P.S. 4701). *See also* Act of Dec. 6, 1972, P.L. 1482, No. 334, § 1 (18 CPSA § 2501 and § 2502(a)).

We have often stated that the use of a deadly weapon on a vital part of the body is evidence which supports an inference of malice, and thus sustains a conviction of murder in the second degree. *Commonwealth v. Roots*, 452 Pa. 535, 306 A.2d 873 (1973), *Commonwealth v. Robinson*, 452 Pa. 316, 305 A.2d 354 (1973), *Common-*

*wealth v. Palmer*, 448 Pa. 282, 292 A.2d 921 (1972), and *Commonwealth v. Myers*, 439 Pa. 381, 266 A.2d 756 (1970). We have never held, however, that such evidence alone supports both an inference of malice and an inference that the killing was willful, deliberate, and premeditated.

We have upheld convictions of murder in the first degree when the evidence establishing *not only* the use of a weapon on a vital part of the body, *but also other facts* from which the factfinder could reasonably conclude that the killing was willful, deliberate, and premeditated. In these cases, the use of a weapon on a vital part of the body was sufficient to establish a specific intent to kill but *other evidence* was present to establish that the specific intent to kill was also willful, deliberate, and premeditated. *Commonwealth v. Petrakovich*, 459 Pa. 511, 329 A.2d 844, 848 (1974); *Commonwealth v. Mosley*, 444 Pa. 134, 279 A.2d 174 (1971); *Commonwealth v. Hornberger*, 441 Pa. 57, 270 A.2d 195 (1970); *Commonwealth v. Ewing*, 439 Pa. 88, 264 A.2d 661 (1970); *Commonwealth v. Commander*, 436 Pa. 532, 260 A.2d 773 (1970).

The charge of murder here arose from the May 28, 1964, stabbing death of Norman Kronen in a haberdashery store in Philadelphia, Pennsylvania. The decedent died of a stab wound in the heart. After a four-block chase from the scene of the stabbing, the appellant was arrested by a police officer.

At the degree of guilt hearing, the prosecution introduced a formal statement, allegedly made and signed by the appellant, in which the appellant admitted that he had entered the store intending to commit robbery.

The appellant testified and repudiated the alleged confession. He denied that he had entered the store with the intent to commit a robbery. He stated that he had entered the store for the purpose of purchasing a shirt, and when the decedent tried to force him to buy a shirt, a struggle ensued. Appellant stated that during the

struggle, he pulled out a knife and stabbed the deceased. The appellant said that the contents of the formal statement were not his words, although he conceded that the signature was his.

Appellant's counsel did not move to suppress the statement prior to counseling the appellant to plead guilty, nor did counsel object to the admissibility of the statement at the degree of guilt hearing. Counsel's attempt to discredit the statement was limited to his questioning at the degree of guilt hearing.

During the PCHA evidentiary hearing, trial counsel testified that he did not move to suppress because in his opinion, even without the statement, the prosecution had sufficient evidence to establish murder in the first degree. He also testified that he did not advise appellant of his right to appeal. Based on trial counsel's explanation, the PCHA court concluded that counsel was not ineffective and denied all claims made by the appellant except appellant's claim that he was denied his appeal rights. Appellant was granted the right to file post-trial motions. The court en banc, in considering appellant's post-trial motions also considered trial counsel's tactical decision not to move to suppress saying:

"In addition, able trial counsel indicated that he made the tactical decision not to file a motion to suppress [for the reason that evidence existed independent of the statement, to sustain a conviction of murder in the first degree.]"

"Our reading of the trial record concurs, with that of defense counsel . . . and we hold that the evidence was sufficient to raise the degree of crime to first degree."

The appellant contends that the trial court erred in holding that he was not deprived of the effective assistance of counsel in that counsel did not move to suppress the alleged confession prior to advising the appellant to

plead guilty to murder generally. Appellant was entitled to a suppression hearing. *Jackson v. Denno*, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964). Thus, he was deprived of the effective assistance of counsel unless the particular course chosen by trial counsel, in failing to move to suppress the statement, had a reasonable basis designed to effectuate his client's interest. *Commonwealth ex rel. Washington v. Maroney*, 427 Pa. 599, 235 A.2d 349 (1967).

The prosecution contends that the trial court correctly held that trial counsel had a reasonable basis for deciding not to request a suppression hearing because the prosecution's evidence, even absent the statement was sufficient to establish murder in the first degree. Thus counsel reasonably advised a plea of guilty, hoping to avoid the death penalty for his client. If the record had sustained the prosecution's claim that there was evidence, aside from the statement, to support a verdict of murder in the first degree, I would agree with its contention. The record, however, does not sustain the argument presented.

Appellant's alleged statement that he intended to rob the victim provided a basis for a verdict of murder in the first degree based on the felony murder statute. Without the statement, however, there was no evidence that the murder was committed in the perpetration or attempted perpetration of a robbery. There was no evidence that anything had been taken from the victim or his store. Neither was there evidence that the murder was perpetrated by poison, lying in wait, or any other kind of willful, deliberate and premeditated killing. The Penal Code, Act of June 24, 1939, P.L. 872, § 701, as amended, 18 P.S. § 4701.

The prosecution's only evidence was that the victim had been stabbed once in the heart with a knife bearing appellant's fingerprints and that the appellant was immediately arrested as he was running away from the

store. Although there were no eyewitnesses to establish what occurred in the store, the circumstantial evidence was certainly sufficient to prove that the appellant stabbed the victim. It was not sufficient, however, to prove beyond a reasonable doubt that the killing was willful, deliberate, and premeditated.

The history and the facts of this case warrant only one conclusion: that appellant's counsel had no reasonable basis for concluding that the prosecution had sufficient evidence to establish murder in the first degree without the use of appellant's confession. Thus, counsel had no basis for failing to suppress the confession.

I thus cannot accept the contention that trial counsel's failure to move for suppression had a reasonable basis designed to effectuate his client's interest. *Commonwealth ex rel. Washington v. Maroney*, 427 Pa. 599, 235 A.2d 349 (1967). The PCHA court and the court en banc erred in holding that appellant was not deprived of the effective assistance of counsel.

I have not considered the merits of the appellant's claim that his confession should have been suppressed. These arguments should be addressed to the trial court during a suppression hearing.

This case should be remanded to the trial court for the purpose of holding a suppression hearing to determine the admissibility of the statement allegedly made by the appellant. If the trial court rules that the statement was inadmissible, it should be suppressed; the appellant should be allowed to withdraw his guilty plea; and a new trial should be awarded. If the trial court determines that the statement should not be suppressed, the judgment of sentence should be affirmed. *Jackson v. Denno*, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964). Proper appeals should be then allowed from the trial court's order.

ROBERTS, J., joins in this dissenting opinion.