406 A.2d 785

COMMONWEALTH of Pennsylvania

v.

Howard TUCKER, Appellant.

Superior Court of Pennsylvania.

Submitted May 7, 1979.

Decided June 22, 1979.

244

Gerald A. Stein, Philadelphia, for appellant.

Robert B. Lawler, Assistant District Attorney, Chief, Appeals Division, Philadelphia, for Commonwealth, appellee.

Before CERCONE, President Judge, and ROBERTS and LIPEZ, JJ.*

CERCONE, President Judge:

At a jury trial in the Court of Common Pleas, Philadelphia County, appellant, Howard Tucker, was convicted of murder

---

* Justice SAMUEL J. ROBERTS of the Supreme Court of Pennsylvania and Judge ABRAHAM H. LIPEZ of the Court of Common Pleas of Clinton County, Pennsylvania, are sitting by designation.

in the first degree, murder in the third degree and weapons offenses in connection with the stabbing deaths of Alphonso Salsbury and Dora Perkins. Appellant's post-trial motions were denied and he was sentenced to life imprisonment on the first degree murder conviction to be followed by a consecutive six to twenty year term of imprisonment on third degree murder. Sentence on the weapons offense was suspended. We affirm the judgments of sentence.

In viewing the evidence in the light most favorable to the Commonwealth, the facts reveal that appellant had been drinking with Alphonso Salsbury the afternoon of the murders. Salsbury was living with a woman who was appellant's former girlfriend. A fight arose over the woman. Appellant pulled a knife and stabbed Dora Perkins when she attempted to intercede. Appellant then stabbed Salsbury.

Appellant raises three issues for our review: first, whether the lower court erred in denying appellant's motion to suppress his confession; second, whether the Commonwealth's evidence was sufficient to convict appellant of murder in the first degree; and third, whether the lower court erred in not sustaining appellant's challenges for cause for several prospective jurors.

In addressing the first issue, appellant argues that he was so intoxicated at the time the statement was given to the police that he could not have voluntarily waived his *Miranda* rights. Despite the fact that the lower court considered the issue in its opinion, we find that appellant did not include this in his written post-trial motion nor did he brief the issue before the post-verdict court. He merely argued the issue orally. Due to his failure to include the issue in his written post-trial motions, we consider the issue waived and do not reach the merits. Pa.R.Crim.P. 1123(a); *Commonwealth v. Hagans*, 483 Pa. 415, 397 A.2d 412 (1979); *Commonwealth v. Waters*, 477 Pa. 430, 384 A.2d 234 (1978); *Commonwealth v. Blair*, 460 Pa. 31, 331 A.2d 213 (1975).

Appellant's second contention is that due to his intoxication, the evidence presented was insufficient to sup-

port the guilty verdict of murder in the first degree. It is axiomatic that the Commonwealth must prove all the elements of the offense beyond a reasonable doubt. *Commonwealth v. Rose*, 457 Pa. 380, 321 A.2d 880 (1974). Our review of the evidence in the light most favorable to the Commonwealth shows that the Commonwealth has met its burden, despite the introduction of evidence of intoxication by the defense. The presentation of evidence of intoxication ". . . creates no presumption for the defendant and imposes no new burden on the Commonwealth." *Commonwealth v. Rose*, 463 Pa. 264, 268, 344 A.2d 824, 826 (1975). The jury was entitled to believe or disbelieve the evidence presented regarding intoxication, *Commonwealth v. Yost*, 478 Pa. 327, 386 A.2d 956 (1978) (plurality opinion). The Commonwealth presented evidence of appellant's statement prior to the crime that he was "going to get" Salsbury. Additional statements to the police after the crime included appellant's admission of stabbing the victim, that he was not sorry for doing so, and that he had pulled a knife even though the victim had not. These statements coupled with appellant's actions in using the knife in stabbing Salsbury approximately five times adequately support the finding that appellant had the specific intent to kill. *Commonwealth v. Petrakovich*, 459 Pa. 511, 329 A.2d 844 (1974); *Commonwealth v. Mosley*, 444 Pa. 134, 279 A.2d 174 (1971); *Commonwealth v. Ewing*, 439 Pa. 88, 264 A.2d 661 (1970).

Finally, appellant contends that the trial judge erred in not sustaining challenges for cause for several prospective jurors. Once again we find this issue waived. Although the issue was specifically stated in appellant's motion for new trial, he neither briefed nor argued the issue prior to this appeal. Since the trial court was "deprived of the benefit of counsel's legal theory underlying the assertion of error," *Commonwealth v. Williams*, 476 Pa. 557, 570, 383 A.2d 503, 509 (1978), we consider the issue abandoned and do not reach the merits. See *Commonwealth v. Waters*, 477 Pa. at 430, 384 A.2d at 236.

Judgments of sentence affirmed.