Commonwealth *v.* Lofton, Appellant.

Submitted April 17, 1972. Before JONES, C. J., EA-GEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

*Gilbert E. Toll,* for appellant.

*Carolyn E. Temin* and *Milton M. Stein,* Assistant District Attorneys, *James D. Crawford,* Deputy District Attorney, *Richard A. Sprague,* First Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE ROBERTS, June 28, 1972:

In 1947 appellant Clarence Lofton entered a plea of guilty to murder generally. After a hearing in the Philadelphia Common Pleas Court, appellant was found guilty of murder in the first degree and sentenced to life imprisonment.

In 1967 appellant filed a petition seeking relief under the Post Conviction Hearing Act,[1] and after a hear-

---

[1] Act of January 25, 1966, P. L. (1965) 1580, §§1 et seq., 19 P.S. §§1180-1 et seq. (Supp. 1971).

ing at which appellant was represented by counsel, his petition was denied. Although no immediate appeal was taken from the trial court's denial of appellant's petition, on May 4, 1971, this Court issued an order granting appellant's request for permission to file an appeal to this Court as if timely filed.

On this appeal appellant raises five main contentions, each of which we find to be without merit. Accordingly, we affirm the trial court's denial of appellant's request for post trial relief.[2]

Appellant's first contention is that the evidence adduced at his degree of guilt hearing was insufficient to sustain his conviction of first degree murder. This contention must be rejected. At the degree of guilt hearing appellant himself testified that he had acted as the "lookout" while two compatriots entered a broom factory and robbed two men whom they encountered inside. During the course of this felony, one of appellant's compatriots assaulted the two robbery victims, and both victims eventually died as a result of the injuries inflicted by the assault. Appellant testified that after the robbery he divided the proceeds with his two cohorts. The Commonwealth also introduced at the degree of guilt hearing appellant's confession to the police and his testimony at a preliminary hearing, both

---

[2] There is no indication in the record that appellant, who was represented by court-appointed counsel at his trial, was ever informed of his right to appeal from his 1947 conviction or of his right to the assistance of counsel on appeal. In fact, one would not expect to find that appellant was informed of these rights more than 15 years before *Douglas v. California*, 372 U.S. 353, 83 S. Ct. 814 (1963), was decided. Since appellant has apparently been deprived of his *Douglas* rights, and since appellant's substantive claims were fully presented in the P.C.H.A. proceeding below, we treat this appeal as a direct appeal and consider all of appellant's claims on the merits. We note that the Commonwealth makes no assertion that appellant has waived his *Douglas* rights, but rather has responded to all of appellant's claims on the merits.

of which fully corroborated the testimony which appellant gave at the degree of guilt hearing. This evidence was clearly sufficient to support a finding that appellant had participated in a felony murder, and was therefore guilty of first degree murder.

Appellant's second contention is that the hearing court based its finding of first degree murder on appellant's prior criminal record. This contention must also be rejected. Although the judges at appellant's degree of guilt hearing did ask questions concerning appellant's prior criminal record, these questions were advanced only after appellant's counsel had made the following concession: "May I suggest to your Honors, then, that in this case you will not be burdened with the requirement of determining what the grade or degree of the crime is? We all know it is fixed by the act. This man participated in this robbery, therefore he is guilty of first degree. The only question that comes before you is, what is the punishment to be? Capital punishment or life imprisonment? Therefore, the only question your Honors will pass upon is what penalty will be imposed. . . ."

Since appellant's counsel informed the court that the only question facing the panel was the appropriate sentence, we cannot conclude that the trial court's receipt of evidence concerning appellant's prior criminal record, before the entry of any formal adjudication of degree of guilt, was erroneous.

Appellant's third contention is that one member of the three judge panel which determined appellant's degree of guilt participated in the panel's decisions without having heard all of the testimony introduced at the hearing.[3] While it is true that one member of the three-judge panel was absent during most of the hear-

---

[3] The panel's decision on degree of guilt and sentence was unanimous.

ing, appellant clearly waived any right to complain about the absence of this panel member. At the hearing appellant and his counsel both specifically agreed that this judge could participate in the decision despite his anticipated absence from most of the hearing.

Appellant's fourth contention is that his guilty plea was motivated by a coerced confession. Even if appellant's confession were regarded as involuntary,[4] this Court's decision in *Commonwealth v. Marsh*, 440 Pa. 590, 271 A. 2d 481 (1970), requires that in order to be able to withdraw a guilty plea that was motivated by an unconstitutional confession, a defendant establish that he was incompetently advised by counsel to plead guilty rather than stand trial.

We note that at the time of appellant's plea both of his co-defendants had confessed and implicated appellant.[5] Both co-defendants had also testified at a preliminary hearing that appellant participated in the robbery of the broom factory.[6] In light of this evidence, and in light of the possibility that appellant's co-defendants would have testified against him at a trial, we cannot conclude that appellant was incompetently advised to plead guilty. See *Commonwealth ex rel. Washington v. Maroney*, 427 Pa. 599, 235 A. 2d 349 (1967).

---

[4] A decision by the United States District Court for the Eastern District of Pennsylvania in 1966 specifically denied appellant's claim that he was physically intimidated into making his confession. *United States ex rel. Lofton v. Myers*, 252 F. Supp. 918, 919 (E.D. Pa. 1966).

[5] The confessions of appellant's co-defendants were made in appellant's presence and were signed by appellant. Thus, under the law at the time of appellant's plea, these confessions might have been introduced against appellant, had he chosen to stand trial, either on the theory that appellant had adopted the confessions of his co-defendants or on a tacit admission theory. See, e.g., *Commonwealth v. Turner*, 358 Pa. 350, 368, 58 A. 2d 61, 70 (1948), rev'd on other grounds, 338 U.S. 62, 69 S. Ct. 1352 (1949).

[6] At the preliminary hearing, appellant expressly adopted the testimony of his co-defendant, Jasper Johnson.

Appellant's final contention is that he was ineffectively represented by counsel at his degree of guilt hearing. Appellant bases his claim of ineffective assistance on the fact that his counsel conceded at the degree of guilt hearing that appellant was guilty of first degree murder. However, it is clear that appellant's counsel's strategy, in the face of overwhelming evidence indicating that appellant was guilty of first degree murder, was to concede appellant's guilt and to concentrate instead on avoiding the death penalty by emphasizing that appellant was only the "lookout" for the other felons, and that appellant had no reason to expect that a killing would occur in the course of the robbery. While we believe that a concession by counsel at a degree of guilt hearing that his client is guilty of first degree murder should be offered only with the utmost of caution and only in those cases where the evidence to that effect is truly overwhelming, we cannot conclude on this record that appellant's counsel's strategy lacked any "reasonable basis". *Commonwealth ex rel. Washington v. Maroney*, 427 Pa. 599, 604, 235 A. 2d 349, 352 (1967). Accordingly, appellant's claim of ineffective assistance of counsel must be rejected.

The order of the common pleas court is affirmed.

Mr. Justice MANDERINO concurs in the result.