401 A.2d 787

**COMMONWEALTH of Pennsylvania**

**v.**

**Carl LANE, Appellant.**

Superior Court of Pennsylvania.

Submitted Sept. 12, 1977.

Decided April 12, 1979.

36

Ronald F. Kidd, Philadelphia, for appellant.

Michael R. Stiles, Assistant District Attorney, Chief, Appeals Division, Philadelphia, for Commonwealth, appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

PRICE, Judge:

This appeal arises from an order entered in the court below denying appellant's requested relief under the Post Conviction Hearing Act (PCHA).[1] Appellant's basic assertions are that a constitutionally infirm confession caused him to plead guilty; that counsel was ineffective for failing to pursue a suppression hearing; and that counsel was ineffective for advising him to plead under the circumstances. It is appellant's position that he should be permitted then to withdraw the plea. For the reasons set forth herein, we affirm the order of the court below.

On June 2, 1971, a First Federal Savings and Loan branch in Philadelphia was the scene of an attempted robbery. One Frederick Davis, dressed as a woman, entered the bank and handed the teller a note ordering her to hand over money. Appellant had written the demand note, which stated, "Don't be apprehensive, smile. Put fives, tens, and twenties in the bag." While Davis was robbing the bank, his wife, who entered the bank with him, was to open an account. Davis abandoned the scheme, however, when the bank manager came into view; appellant, who had been driving the getaway car around the block, also decided to flee when he spotted police near the scene. F.B.I. and local police investigations culminated in appellant's arrest, and during interrogation, he admitted participation in the episode.

On May 26, 1972, appellant pleaded guilty to a charge of aggravated robbery.[2] A second charge, criminal conspiracy,[3]

1. Act of January 25, 1966, P.L. (1965) 1580, § 1 (19 P.S. § 1180-1) *et seq.* (Supp. 1978–79).

2. The Act of June 24, 1939, P.L. 872, § 705 (18 P.S. § 4705).

3. The Act of June 24, 1939, P.L. 872, § 302 (18 P.S. § 4302).

was nolle prossed as a result of the plea agreement. Appellant was sentenced to a term of imprisonment of from two to ten years, but, on the Commonwealth's recommendation, sentence was suspended, and appellant was placed on probation for a period of ten years. On December 10, 1973, appellant was convicted of another offense while on probation. Probation was subsequently revoked, and appellant was ordered to serve the originally imposed sentence. Appellant's first PCHA petition was denied on July 11, 1974, without a hearing or appointment of counsel. On appeal, this court reversed the lower court and remanded the case, directing that appellant be permitted to file an amended petition with aid of counsel. *Commonwealth v. Lane*, 232 Pa.Super. 729, 334 A.2d 309 (1975). When appellant failed to appear at the scheduled hearing on that petition, the court dismissed it on November 6, 1975. Appellant filed another petition on January 9, 1976, and after a hearing thereon, relief was denied, and appellant filed the instant appeal.

When one challenges the validity of a guilty plea claiming that it was motivated by a constitutionally infirm confession, he must establish: (1) the involuntariness of the pre-trial confession; (2) the fact that the plea was primarily motivated by that evidence; and (3) the incompetence of counsel's advice that the defendant plead under the circumstances, rather than stand trial. *Commonwealth v. Kittreles*, 465 Pa. 431, 350 A.2d 842 (1976); *Commonwealth v. Lofton*, 448 Pa. 184, 292 A.2d 327 (1972); *Commonwealth v. Marsh*, 440 Pa. 590, 271 A.2d 481 (1970). When one of the three elements is not satisfactorily established, withdrawal of the plea will be denied. *Commonwealth v. Butler*, 454 Pa. 95, 309 A.2d 720 (1973).

Appellant contends that he was a heavy user of heroin at the time. He asserts that he was going through acute withdrawal during the nineteen to twenty-one hours that intervened between his arrest and his statement. Without stating its reasons for so determining, the PCHA court found that the confession was not involuntary. How-

ever, even assuming *arguendo* that the confession was involuntary, we find that the other two requirements of *Marsh* were not established, and consequently the court's finding was not in error.

Our review of the record convinces us that the confession was not the primary motivation for appellant's plea. Trial counsel, Milton S. Leidner, Esquire, testified at the PCHA hearing that the plea was prompted:

"Not only [because] of his statement and prior record, but he pleaded guilty because he had written the note that demanded the money from the teller.

I pointed that out to him and I said that even if the statement was suppressed, it would be to no advantage, as far as he was concerned because they could prove by the eyewitness, who, no doubt, was a Federal Government informant, who he was, and in addition to that, they had his handwriting on a note, demanding money from the teller." (PCHA Hearing at 8–9).

In referring to a government informant, counsel spoke of "Walt," an individual known to the trio involved in the episode. Walt observed appellant drive the Davises to the bank and observed him acting as a lookout while the pair was in the bank. Counsel also testified that he anticipated possible testimony against appellant by the accomplice, hoping to procure leniency from the federal authorities. There was, in addition, appellant's handwritten demand note which could be offered against him.

In addition to the substantial evidence implicating appellant, it is clear that appellant's prior record, twenty-five arrests and over thirteen convictions, portended a significant sentence. The arrangement worked out with the Commonwealth and with federal authorities guaranteed appellant three very valuable considerations for his plea: (1) the nolle pros of the conspiracy charge; (2) a recommendation of ten years probation; and (3) no federal prosecution. Counsel testified that appellant was present at all plea negotiations and indicated that he was willing to proceed with the plea in order to conclude the matter.

It is well settled that when a defendant's plea is bottomed on a desire for leniency, it cannot be concluded that a confession was the plea's primary motivation. *Commonwealth v. Kittreles, supra; Commonwealth v. Lofton, supra; Commonwealth v. Myers*, 444 Pa. 465, 282 A.2d 347 (1971).

Finally, appellant's contention that counsel was ineffective in failing to pursue a suppression motion and in advising him to enter a guilty plea is wholly frivolous.

"[O]ur inquiry ceases and counsel's assistance is deemed constitutionally effective once we are able to conclude that the particular course chosen by counsel had *some reasonable basis* designed to effectuate his client's interests. The test is *not* whether other alternatives were more reasonable, employing a hindsight evaluation of the record. Although weigh the alternatives we must, the balance tips in favor of a finding of effective assistance as soon as it is determined that trial counsel's decisions had any reasonable basis. *Commonwealth ex rel. Washington v. Maroney*, 427 Pa. 599, 604–05, 235 A.2d 349, 352 (1967) (footnote omitted).

Counsel testified that he worked on appellant's case earnestly in an effort to attain the best possible resolution for him. In view of the substantial additional evidence against appellant (other than his challenged statement), his past record, the possibility of federal prosecution, and the likelihood of a stiff sentence if appellant were convicted after trial, counsel's advice to him to plead surely had *"some reasonable basis* designed to effectuate his client's interests." As a result of counsel's stewardship, appellant was placed on probation by the lower court, although reluctantly in view of his record,[4] and no federal prosecution was pursued.

---

**4.** At the sentencing hearing on October 16, 1972, Judge Robert Williams stated:

"I have examined your record and your background.

You have been around a long time. You have had a lot of bites of the apple, over two dozen bites of the apple." (Sentencing Hearing at 9).

On this record, there is clearly no basis for a finding of ineffectiveness of counsel. Accordingly, we affirm the order of the court below.

JACOBS and WATKINS, former President Judges, and HOFFMAN, J., did not participate in the consideration or decision of this case.

Further in the proceeding, the court declared:
"It was my intention to send you to jail. I want you to understand that, but because of the cooperation and mitigating circumstances surrounding your case I am accepting, with some reservation, the recommendation of the Commonwealth." (Sentencing Hearing at 11).