J-S79036-14

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| STEVEN ESTREMERA, | : | |
| | : | |
| Appellant | : | No. 1269 EDA 2014 |

Appeal from the PCRA Order Entered March 28, 2014
in the Court of Common Pleas of Philadelphia County,
Criminal Division, at No(s): CP-51-CR-0012681-2010

BEFORE:     ALLEN, OLSON, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:     **FILED APRIL 13, 2015**

Steven Estremera (Appellant) appeals from the order dismissing without a hearing his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  We vacate the order and remand for further proceedings consistent with this memorandum.

Appellant entered negotiated guilty pleas to third-degree murder and other crimes.  The factual basis for the pleas was as follows:

> [Appellant] lived at 3471 Weikel Street in Philadelphia with his wife and children.  On July 25, 2010, police discovered the body of [Appellant's] mother-in-law in the basement of his home. When confronted by police, [Appellant] initially claimed that he didn't know what happened to the decedent.  He later told police that a friend of his had murdered the decedent.  Eventually, [Appellant] gave a detailed confession to police, which was entered into evidence.  [Appellant] told police that he had an argument with his mother-in-law because she had yelled at his children.  The argument grew in intensity, and [Appellant] eventually stabbed his mother-in-law in the neck with a pair of

*Retired Senior Judge assigned to the Superior Court.

scissors, causing her to fall down the basement stairs. [Appellant] then disposed of the decedent's purse to make it appear that the house was burglarized and that the burglar had killed the decedent.

The medical examiner conducted an autopsy and determined that the decedent died from the stab wounds to her neck, shoulder, thumb and forearms as well as blunt force trauma.

PCRA Court Opinion, 5/6/2014, at 2 n.2 (citation omitted). Appellant was sentenced, in accordance with the terms of the plea agreement, to an aggregate term of 25 to 50 years' imprisonment.

Appellant filed no post-sentence motion or direct appeal. He timely filed a PCRA petition on May 30, 2012. The docket reflects that counsel was appointed and entered an appearance on January 10, 2013. However, the appointment notice is not in the record certified to this Court, and Appellant apparently was unaware of the appointment: on May 8, 2013, he filed a motion to proceed *pro se*, in which he avers that no action yet had been taken on his petition nor had counsel been appointed. Although Appellant requested a hearing pursuant to **Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1998), it does not appear that one was conducted.[1] Rather, on December 16, 2013, appointed counsel filed a motion to withdraw and a no-

---

[1] There is a docket entry on November 15, 2013, for "Hearing Notice," but the notice is not in the record before this Court, and there is no indication that any hearing occurred.

merit letter pursuant to ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

On January 31, 2014, the PCRA court issued a notice of intent to dismiss Appellant's petition without a hearing pursuant to Pa.R.Crim.P. 907. Appellant filed a motion for extension of time, and the docket reflects that the motion was granted. Appellant filed a second motion for an extension, on which the PCRA court did not rule.[2] The PCRA court dismissed Appellant's petition by order of March 28, 2014. On March 31, 2014, the clerk of courts docketed Appellant's response to the 907 notice, which is dated March 17, 2014.

Appellant timely filed a notice of appeal. The PCRA court did not order Appellant to file a concise statement of errors complained of on appeal, and none was filed. The PCRA court did file an opinion pursuant to Pa.R.A.P. 1925(a).

Appellant presents this Court with five questions on appeal:

[1.] Whether the PCRA court erred as a matter of law and/or abused its discretion in denying and/or otherwise dismissing without a hearing Appellant's claim that trial counsel was ineffective for failing to object/move to withdraw his guilty plea based upon miscommunication of the maximum possible sentence for third degree murder?

[2.] Whether the PCRA court erred as a matter of law and/or abused its discretion in denying and/or otherwise

---

[2] A hearing transcript reflects that the PCRA court decided to give Appellant the additional time, but did not "think it was necessary to reply" to his motion. N.T., 3/28/2013, at 2.

- 3 -

dismissing without a hearing Appellant's claim that trial counsel was ineffective for failing to object/move to withdraw his guilty plea based upon the absence of an illustrative elucidation of the term "malice"?

[3.] Whether the PCRA court erred as a matter of law and/or abused its discretion in denying and/or otherwise dismissing without a hearing Appellant's claim that trial counsel was ineffective for failing to object/move to withdraw his guilty plea based upon facts indicating a meritorious defense?

[4.] Whether the PCRA court erred as a matter of law and/or abused its discretion in denying and/or otherwise dismissing without a hearing Appellant's claim that trial counsel was ineffective for failing to advise him of grounds to suppress his alleged confession to police?

[5.] Whether new counsel should be appointed to conduct an independent review of Appellant's PCRA claims and to advance those claims on the merits?

Appellant's Brief at 4 (unnecessary capitalization and PCRA court answers omitted).

"Our standard of review of a trial court order granting or denying relief under the PCRA calls upon us to determine 'whether the determination of the PCRA court is supported by the evidence of record and is free of legal error.'" **Commonwealth v. Barndt**, 74 A.3d 185, 192 (Pa. Super. 2013) (quoting **Commonwealth v. Garcia**, 23 A.3d 1059, 1061 (Pa. Super. 2011)).

Appellant's first four claims allege the ineffectiveness of his plea counsel.[3]  We consider his claims mindful of the fact that counsel is

---

[3] The Commonwealth argues that Appellant waived these claims by raising them for the first time on appeal.  Commonwealth's Brief at 11.  However, Appellant correctly notes that the issues were presented to the PCRA court in

- 4 -

presumed to be effective. ***Commonwealth v. Martin***, 5 A.3d 177, 183 (Pa. 2010). To overcome this presumption, Appellant bears the burden of proving the following: "(1) the underlying substantive claim has arguable merit; (2) counsel whose effectiveness is being challenged did not have a reasonable basis for his or her actions or failure to act; and (3) the petitioner suffered prejudice as a result of counsel's deficient performance." ***Id.*** Appellant's claim will be denied if he fails to meet any one of these three prongs. ***Id.***

As Appellant's claims of ineffective assistance largely relate to counsel's failure to move to withdraw Appellant's guilty plea, the following principles of law are applicable to the determination of arguable merit. "It is well established that when a defendant seeks to withdraw a guilty plea after sentencing, a showing of prejudice on the order of manifest injustice is required before withdrawal is properly justified." ***Commonwealth v. Warren***, 84 A.3d 1092, 1096 (Pa. Super. 2014) (internal quotation marks and citation omitted).

> [A] manifest injustice occurs when a plea is not tendered knowingly, intelligently, voluntarily, and understandingly. The Pennsylvania Rules of Criminal Procedure mandate pleas be taken in open court and require the court to conduct an on-the-record colloquy to ascertain whether a defendant is aware of his rights and the consequences of his plea. Under Rule 590, the

counsel's ***Finley*** letter. Appellant's Reply Brief at 1. Furthermore, Appellant raised these identical issues in his response to the PCRA court's notice of intention to dismiss. Accordingly, we are unpersuaded by the Commonwealth's waiver argument.

court should confirm, *inter alia*, that a defendant understands: (1) the nature of the charges to which he is pleading guilty; (2) the factual basis for the plea; (3) he is giving up his right to trial by jury; (4) and the presumption of innocence; (5) he is aware of the permissible ranges of sentences and fines possible; and (6) the court is not bound by the terms of the agreement unless the court accepts the plea. The reviewing Court will evaluate the adequacy of the plea colloquy and the voluntariness of the resulting plea by examining the totality of the circumstances surrounding the entry of that plea. Pennsylvania law presumes a defendant who entered a guilty plea was aware of what he was doing, and the defendant bears the burden of proving otherwise.

*Commonwealth v. Prendes*, 97 A.3d 337, 352 (Pa. Super. 2014) (internal citations and quotation marks omitted).

In his first two issues, Appellant claims that counsel should have moved to withdraw his plea because, during the oral plea colloquy, the court (1) advised him incorrectly as to the maximum sentence he faced for third-degree murder, and (2) did not explain adequately the meaning of the term "malice." Appellant's Brief at 13-18. Specifically, Appellant notes that, although the maximum penalty he faced for third-degree murder was "40 years in prison and $50,000 in fines," he was informed at the plea colloquy that he faced "52 years in prison and $85,000 in fines." *Id.* at 14. Appellant also asserts that the trial court did not comply with its duty to explain the malice element of the murder charge in terms understandable to him. *Id.* (citing, *inter alia*, *Commonwealth v. Hare*, 404 A.2d 388, 391 (Pa. 1979) (holding that a criminal defendant is "entitled to an explanation of the crime of murder with an illustrative elucidation of the term 'malice'")).

The transcript of Appellant's plea colloquy states as follows, in relevant part.

> THE COURT: The charges you are going to plead guilty to are murder in the third[ ]degree, which is murder with malice rather than a specific premeditated intent to kill; possession of an instrument of crime; theft; receiving stolen property; and filing a false report.
>
> Do I have those charges correct?
>
> [APPELLANT]: Yes.
>
> THE COURT: Have your lawyers explained to you and do you understand fully the elements of these charges? By that I mean, do you understand what the DA would have to prove you did at trial in order to get convictions on these charges?
>
> [APPELLANT]: Yes.
>
> THE COURT: With regard to the third-degree murder, that is murder with malice. Malice is a specific legal concept as applied to charges like third-degree murder.
>
> Have you discussed with your lawyers and do you understand what murder with malice means?
>
> [APPELLANT]: Yes.
>
> THE COURT: Do you understand how it applies to the facts and circumstances in this case?
>
> [APPELLANT]: Yes.
>
> THE COURT: Now, the maximum sentence that you could receive for this offense is up to 52 years in jail and $85,000 in fines.
>
> Do you understand that?
>
> [APPELLANT]: Yes.

> THE COURT: The Commonwealth -- this is a negotiated guilty plea. The Commonwealth has agreed to recommend a sentence of not more than 25 to 50 years in custody in exchange for your guilty pleas to these charges. That means, the minimum will be 25 years and you will have to have 25 years in custody, which will include the time you have already spent in custody, before you are even eligible for parole. And the maximum sentence that you would have to serve under this agreement is 50 years in jail.
>
> Do you understand that?
>
> [APPELLANT]: Yes.

N.T., 5/26/2011, at 9-11. Further, Appellant acknowledged having reviewed the written plea colloquy with counsel, and confirmed that he understood everything therein. *Id.* at 12-13. The written colloquy contains the following:

> **THE CHARGES**
>
> I admit that I committed the crime(s) of <u>murder (3rd degree), PIC, TUT, RSP (M1) False Reports M2</u>, and I want to plead guilty. My lawyer told me what the elements of the crime(s) are that the District Attorney must prove to convict me. I know I can go to jail for up to <u>52</u> years and be fined <u>$85,000</u> for the crimes I committed.
>
> * * *
>
> **FACTS OF MY CASE AND ELEMENTS OF THE CRIME(S)**
>
> The facts of the case have been read to me. The crimes and elements of the crime(s) have been explained to me. I committed the crime(s), and that is why I am pleading guilty.

Written Guilty Plea Colloquy, 5/26/2011, at 1, 3 (underlined portions are hand-written into blanks on the form).

Appellant's claim regarding the alleged misstatement of the maximum sentence lacks arguable merit. Examining in context the trial court's statement of the maximum penalty Appellant faced, it is clear that the 52 years' imprisonment and $85,000 fine referred to the aggregate maximum sentence for all the crimes to which he was pleading guilty, not to just the murder charge. Furthermore, Appellant did not allege in his PCRA petition that a misunderstanding of the maximum sentence was material to his decision to plead guilty. *See*, *e.g.*, ***Commonwealth v. Barbosa***, 819 A.2d 81, 83 (Pa. Super. 2003) ("[Not] every mistake in computing the possible maximum or advising the defendant of the possible maximum will amount to manifest injustice justifying the withdrawal of a guilty plea; the mistake must be material to the defendant's decision to plead guilty."). Moreover, even if he had so alleged and proved, no manifest injustice was present because Appellant was not sentenced to more time than he thought was possible. *See*, *e.g.*, ***Warren***, 84 A.3d at 1097 ("The maximum sentence [he received] did not exceed what Warren had been told was the possible maximum sentence. Warren cannot, therefore, establish a manifest injustice so as to permit the withdrawal of his guilty plea after sentencing.").

Appellant's claim regarding the definition of malice is also unavailing. As this Court has explained:

> The longstanding rule of Pennsylvania law is that a defendant may not challenge his guilty plea by asserting that he lied while under oath, even if he avers that counsel induced the

lies. A person who elects to plead guilty is bound by the statements he makes in open court while under oath and he may not later assert grounds for withdrawing the plea which contradict the statements he made at his plea colloquy.

*Commonwealth v. Pollard*, 832 A.2d 517, 523 (Pa. Super. 2003) (citations omitted). The above quotes from the oral and written colloquies show that Appellant acknowledged that the elements of third-degree murder and the concept of malice were explained to him and that he understood the application of malice to the facts of his case. Accordingly, a motion to withdraw his plea based upon a claim that he lied about understanding malice would have been fruitless.

Because the underlying issues of Appellant's first two questions are without arguable merit, Appellant cannot establish that counsel was ineffective in failing to pursue on those bases a motion to withdraw Appellant's guilty plea. *See*, *e.g.*, *Commonwealth v. Keaton*, 82 A.3d 419, 426 (Pa. 2013) (quoting *Commonwealth v. Pursell*, 724 A.2d 293, 304 (Pa. 1999)) ("[I]t is axiomatic that [trial] counsel will not be considered ineffective for failing to pursue meritless claims.").

Appellant next contends that trial counsel was ineffective in failing to move for withdrawal of his guilty plea because he had a meritorious defense. Specifically, Appellant asserts that his guilty plea was invalid because he stated immediately thereafter that "it wasn't really [his] intention" to kill the decedent, and that, because of drugs, he "wasn't in [his] right mind at all" at

the time. Appellant's Brief at 19 (quoting N.T., 5/26/2011, at 32). Because these statements indicated that he had a defense to the crime, Appellant argues, the plea should not have been accepted, and counsel should have moved to withdraw it. *Id.* (citing, *inter alia*, **Commonwealth v. Fluharty**, 632 A.2d 312 (Pa. Super. 1993)).

"[I]f a defendant pleads guilty to a criminal charge, and in the next breath contravenes the plea by asserting facts which, if true, would establish that he is not guilty, then his guilty plea is of no effect and should be rejected." **Commonwealth v. Roundtree**, 269 A.2d 709, 711 (Pa. 1970). However, the defendant's testimony must give rise to "a complete defense to the crime charged" and "the act resulting in death must, *inter alia*, be lawful." **Commonwealth v. Johnson**, 331 A.2d 473, 475, 476 (Pa. 1975) (internal quotation omitted).

Appellant accepted the following as part of the factual basis for his plea.

> [Appellant] told the detectives that at about 12:30-1:00 a.m. he and his mother-in-law got into an argument about her always yelling at his kids. He also said they started to push each other and that she smacked him. He then started smacking her and grabbed scissors that were on the kitchen table and he was holding them open. "Like I made a fist with the scissors open and the blades were sticking out the sides of my fists. I swung the scissors at her and I got her in the neck a couple of times and then she fell down the stairs. …"

N.T., 5/26/2011, at 16-17. Later, in his allocution, Appellant stated as follows.

> Your Honor, I just want to say that I accept my responsibility of the crimes that I've committed. I understand I hurt a lot of family members, including my kids. I accept the punishment. I am going to be dealing with -- I want to say to the family that I am very, very sorry. It wasn't really my intention. I wasn't in my right state of mind at all. I was high all my life even at the age of 11. I never tried to get help because I never thought anyone could help at times. I am really truly sorry. I loved my mother-in-law as they did. She was like my own mother.

*Id.* at 32.

Appellant's claim of a complete defense to the murder charge is meritless. First, third-degree murder requires no intent to kill, so his I-didn't-really-mean-to-do-it statement did not indicate a defense. *See*, *e.g.*, *Commonwealth v. Seibert*, 622 A.2d 361, 365 (Pa. Super. 1993) (quoting *Commonwealth v. Gooslin*, 189 A.2d 157, 158 (Pa. 1963)) ("If there was an unlawful killing with (legal) malice, express, or implied, that will constitute murder even though there was no intent to injure or kill the particular person who was killed and even though his death was unintentional or accidental….").

Second, Appellant's "drug induced insanity" claim, Appellant's Brief at 20, is equally unavailing under Pennsylvania law. "[E]vidence of voluntary intoxication cannot negate malice, the state of mind necessary for murder of the third degree." *Commonwealth v. Ruff*, 405 A.2d 929, 929 (Pa. Super. 1979).

> Neither voluntary intoxication nor voluntary drugged condition is a defense to a criminal charge, nor may evidence of such

conditions be introduced to negative the element of intent of the offense, except that evidence of such intoxication or drugged condition of the defendant may be offered by the defendant whenever it is relevant to reduce murder from a higher degree to a lower degree of murder.

18 Pa.C.S. § 308. **See also  Commonwealth v. Reed**, 583 A.2d 459, 471 (Pa. Super. 1990) ("Evidence of voluntary intoxication may reduce murder of the first degree to murder of the third degree, but it cannot reduce murder of the third degree to manslaughter.").

Because his statements that he did not really mean to kill the victim and that he had a drug problem did not present a complete defense to murder in the third degree, Appellant's claim that these statements invalidated his plea lacks merit.  Therefore, counsel was not ineffective for failing to file a meritless motion to withdraw the guilty plea.  **Keaton**, 82 A.3d at 426.

We consider together Appellant's remaining two claims, which are that (1) trial counsel's ineffectiveness in failing to move to suppress Appellant's involuntary confession rendered his plea invalid, Appellant's Brief at 21-23; and (2) new counsel should be appointed to advance this claim because PCRA counsel "neither succeeded in advancing all of Appellant's claims for PCRA relief [n]or certifying their lack of merit." **Id.** at 24-25.

We begin by examining the applicable law.  "A defendant is permitted to withdraw his guilty plea under the PCRA if ineffective assistance of counsel caused the defendant to enter an involuntary plea of guilty."

- 13 -

*Commonwealth v. Rathfon*, 899 A.2d 365, 369 (Pa. Super. 2006) (quoting *Commonwealth v. Kersteter*, 877 A.2d 466, 468 (Pa. Super. 2005)). When an unconstitutionally-obtained confession is the alleged basis for an involuntary plea, a defendant must do more than establish that the confession was involuntary. To establish the right to withdraw a guilty plea in the context of an involuntary confession, a petitioner must prove each of the following: "(1) the involuntariness of the pre-trial confession; (2) the fact that the plea was primarily motivated by that evidence; and (3) the incompetence of counsel's advice that the defendant plead under the circumstances, rather than stand trial." *Commonwealth v. Lane*, 401 A.2d 787, 788-89 (Pa. Super. 1979) (citations omitted).

The claim that trial counsel was ineffective in failing to move to suppress Appellant's confession, and that Appellant's guilty plea was motivated primarily by the unsuppressed confession, does not appear in Appellant's *pro se* PCRA petition. However, it is clear that Appellant communicated to PCRA counsel his desire to raise this claim, because PCRA counsel addressed it in his *Finley* letter. Therein, PCRA counsel opined that Appellant gave up his right to seek suppression by entering a voluntary guilty plea. *Finley* Letter, 12/16/2013, at 7 (unnumbered).

PCRA counsel's statement is correct insofar that "by entering a guilty plea, the defendant waives his right to challenge **on direct appeal** all nonjurisdictional defects except the legality of the sentence and the validity

- 14 -

of the plea." ***Commonwealth v. Lincoln***, 72 A.3d 606, 609 (Pa. Super. 2013) (emphasis added). However, this is not a direct appeal, and Appellant indicated his desire to raise the claim in a challenge to the validity of his plea.[4] PCRA counsel in his ***Finley*** letter failed to discuss the appropriate legal standard applicable to the claim Appellant wished to raise, let alone how he was able to determine on the record before him that the claim was meritless.

On his first PCRA petition, Appellant is entitled to the assistance of counsel "to frame the issues in a legally meaningful fashion" to guarantee that he has "at least one meaningful opportunity to have [his] issues reviewed." ***Commonwealth v. Karanicolas***, 836 A.2d 940, 945 (Pa. Super. 2003) (citations and internal quotation marks omitted). This rule exists to ensure the PCRA court "that all relevant considerations will be brought to its attention." ***Id.***

From the record before us, it does not appear that PCRA counsel framed in a legally-meaningful way Appellant's claim that trial counsel's ineffectiveness in failing to move to suppress his confession rendered his

---

[4] In both his response to the PCRA court's Rule 907 Notice and in his brief on appeal, Appellant claims that he informed PCRA counsel that, at the time he confessed to the police, he "had been held in custody for a period of roughly 29 hours, was not advised of his rights as required by ***Miranda v. Arizona***, 384 U.S. 436 (1966), and was under the influence of drugs." Appellant's Brief at 21. He further states in his brief that the involuntary confession primarily motivated his plea. ***Id.*** at 22; ***see also*** Response to 907 Notice, 3/31/2014, at 3-4, 16-18.

plea invalid, nor that the PCRA court had all relevant considerations brought to its attention. Accordingly, we vacate the PCRA court's order dismissing Appellant's petition and remand for the appointment of counsel either to (1) amend Appellant's *pro se* PCRA petition to state Appellant's suppression-related claim,[5] or (2) file a petition to withdraw and no-merit letter detailing why such claim is meritless.

Order vacated. Case remanded with instructions. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.

Prothonotary

Date: 4/13/2015

---

[5] Because we have determined that the PCRA court did not err in dismissing Appellant's claims based upon the alleged (1) misstatement of the maximum sentence, (2) failure of the trial court to define adequately the term malice, or (3) meritorious defense of lack of intent, counsel need not address those issues a second time.